RICHARD M. GENTRY *v.* J. H. & W. J. WAGNER.

SATISFACTION OF JUDGMENT. *Bid on land.* A judgment satisfied by the sale and purchase of land under it cannot be used in advancing the bid upon an execution sale of other land of the judgment debtor upon a mere averment that no title was acquired under the first sale, there being no averment or proof that the satisfaction of the judgment had ever been set aside and the judgment revived.

FROM JOHNSON.

Appeal from the Chancery Court at Taylorsville. H. C. SMITH, Ch.

H. H. INGERSOLL for complainant.

N. M. TAYLOR for respondents.

McFARLAND, J., delivered the opinion of the court.

A tract of land of eight hundred acres. belonging to the complainant, was sold on the 6th of July, 1868, under two orders of sale founded upon two small judgments, rendered by a justice of the peace against complainant, in favor of the firm of M. M. Wagner & Sons, and regular condemnation thereunder. At the sale N. J. Wagner, in behalf of the firm, became the purchaser of the land for $29.25. On the day of the sale, said N. J. Wagner undertook to advance his bid

the further sum of $100, by crediting that amount on a judgment that Thomas Greer had obtained against complainant on the 11th of July, 1853, and which, on the 14th of July, 1853, Greer had assigned to M. M. Wagner. And on the 4th of July, 1870, said N. J. Wagner undertook to still further advance his bid to the full amount ·of the Greer judgment, in all $482.49.

On the 28th of June, 1870, said N. J. Wagner received from complainant $25, and on the 24th of March, 1871, $24, in redemption. These sums were more than sufficient to pay, with interest, the original bid of Wagner of $29.25, which was a satisfaction of the two small judgments in favor of M. M. Wagner & Sons, under which the sale was made.

The complainant failing to pay any further sum in redemption, M. M. Wagner & Sons on the 1st day of October, 1874, took the sheriff's deed for the land, founded upon the foregoing proceedings, and brought their action of ejectment. Thereupon the complainant filed this bill for a perpetual injunction.

The case turns upon the question whether the advance of his bid by N. J. Wagner, on the 6th of July, 1868, and again on the 4th. of July, 1870, by "putting on the land" the amount of the Greer judgment, was valid so as to give him or his firm the right to hold the land for the amount of this judgment in addition to his original bid.

Without noticing other questions, it will be sufficient to say that the record shows that after Greer's judgment had been assigned to M. M. Wagner, exe-

cution was issued upon it and levied upon three tracts of land of the complainant, which were on the 7th of November, 1853, severally sold and purchased by said M. M. Wagner, who on the 19th of November, 1853, advanced his several bids so as to cover the whole of the judgment and costs.

It is averred in the answer in this case that Wagner acquired no title to said lands, but there is neither averment or proof that the satisfaction of the judgment had ever been set aside or the judgment revived. Hence it follows that this judgment was not subsisting at the time N. J. Wagner undertook to "put in" on the land in controversy in this case, by advancing his bid so as to cover it. It is, therefore, unnecessary to determine whether complainant in fact paid to Wagner the amount of the Greer judgment in redemption of the lands sold under it.

The decree of the chancellor in favor of the complainant is affirmed with costs.